AMERICAN FREEHOLD LAND–MORTGAGE CO. OF LONDON, Limited, et al v. THOMAS.

(Circuit Court of Appeals, Fifth Circuit. January 14, 1896.)

No. 415.

EQUITY PRACTICE—NONRESIDENT DEFENDANTS—ACT MARCH 3, 1875.

    One F. filed a bill in equity, in the circuit court for the Southern district of Georgia, to remove an incumbrance or cloud upon the title to real property in that district, all the defendants but two, who were merely formal parties, being nonresidents of the state. Service was made personally upon the two resident defendants, and upon such service, treated as a substituted service (the resident defendants having previously acted as counsel for the others), a decree pro confesso was taken. Afterwards complainant, not relying on this decree, caused service to be made on the defendants by publication, and, such service having been perfected, took a second decree pro confesso. Within 10 days thereafter, the nonresident defendants filed objections to granting a final decree, and moved to have the decree pro confesso set aside, and for leave to file pleas. This motion was overruled, and a final decree entered. _Held_ error, the evidence failing to show that the substituted service was sufficient to justify the first decree pro confesso, and the nonresident defendants having been entitled, under Act Cong. March 3, 1875, § 8, to come in and defend under the second decree.

In Error to the Circuit Court of the United States for the Southern District of Georgia.

W. E. Simmons, for appellants.

Frank H. Miller and Wm. K. Miller, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

BOARMAN, District Judge. On the 13th of January, 1883, J. Pinckney Thomas became indebted to J. K. O. Sherwood, of New

York, in the sum of $5,000, borrowed money, with interest thereon until paid, at 8 per cent. per annum, payable annually.     Said indebtedness was evidenced by one promissory note and five interest notes attached to the said note, representing interest to be paid each year.     At the time of making said note, said Thomas conveyed title to 1,150 acres of land in Burke county, Ga., to the said Sherwood, for the purpose, under article 1969 et seq., Code Ga., of securing the payment of the same.     Said Sherwood transferred the said notes to the American Freehold Land-Mortgage Company of London, Limited, by his indorsement of the same, without recourse, subject to the said bond for reconveyance made by Sherwood to Thomas.     The interest note, becoming due November 15, 1886, was not paid at maturity or any other time.     On the 16th of July, 1887, said company instituted suit on said principal and interest notes then due, by an ordinary action of assumpsit, in the circuit court of the United States for the Southern district of Georgia.     The declaration in that suit sets forth the fact that the said indebtedness was secured by the deed, as provided by section 1969 et seq. of the Code of Georgia, but no special judgment therefor was prayed for. The defendant acknowledged service, and waived all other and further notice and service.     No answer or plea was filed therein, and on the 9th of April, 1888, an ordinary judgment, on default, upon the note, was rendered by the court, without the intervention of a jury, and the lands described in the deed of Thomas to Sherwood were levied upon and sold under execution by the marshal on the 3d of November, 1888, and purchased by W. G. Wheeler for $400, to whom proper conveyance was made by the marshal. On the 1st day of January, 1890, said Wheeler conveyed said lands to G. A. Hammell, of New Jersey.     The lands remained in the possession of Wheeler and Hammell from the date of the sale made by the marshal, in 1888, to June 1, 1892, when a receiver was appointed by the circuit court under a bill filed by Turner C. Thomas, administrator of J. P. Thomas, deceased, and possession was turned over to him.     The defendant, J. Pinckney Thomas, died, intestate, on June 11, 1888, and no representation was had upon his estate until the 5th day of May, 1890, when Turner C. Thomas, the appellee, was appointed administrator.     On the 6th of August, 1890, the administrator, Turner C. Thomas, filed a motion in the circuit court of the United States for the Southern district of Georgia to be allowed to open the said default in the case of said mortgage company against J. Pinckney Thomas, wherein said judgment had been rendered and sale made as aforesaid, and to set aside and vacate said judgment so rendered on default April 9, 1888, which said motion was sustained, and a decree thereon rendered setting aside and vacating said judgment as void.     47 Fed. 550.     On setting aside the said judgment, leave was later on given to file pleas on behalf of defendants.     After the rendition of the judgment sustaining the said motion, on the 15th of December, 1891, the said mortgage company, through Mr. Simmons, as its attorney, instituted a suit against Turner C. Thomas, administrator of J. P. Thomas, upon the

said same cause of action upon which the said suit at law in the federal court was originally instituted and the said suit in the state court is now pending. On the same day, December 15, 1891, the mortgage company's counsel, Mr. Simmons, instructed the clerk of said circuit court of the United States to enter an order dismissing the suit from the United States court. The judge of said United States court refused to allow this to be done. Upon the refusal of the court, December 15, 1891, to allow the said common-law case to be dismissed, the counsel for the mortgage company had his name stricken from the docket as such.

On the 31st of March, 1892, said Turner C. Thomas, administrator, filed an original bill in equity in the circuit court of the United States for the Southern district of Georgia against the said mortgage company and the Corbin Banking Company of New York, W. G. Wheeler, of New York, and Sherwood and Hammell, citizens of the same state, W. E. Simmons, of the Northern district of Georgia, and Fred T. Lockhart, a citizen of the state of Georgia (the two last-named defendants having been counsel in the said suit at law), praying for an injunction restraining all the said defendants from conveying said lands pending said litigation, and pending the appointment of a receiver to take charge and hold the same until the final decree therein; praying, further, that the deed from Thomas to Sherwood made January 13, 1883, of said land, and also the deed of the same date from Sherwood to the said mortgage company, also the deed from Lucius M. Lamar, marshal, to said Wheeler, December 4, 1888, and the deed of said Wheeler to G. A. Hammell, dated January 1, 1890, be canceled as a cloud upon the title of said administrator and that of Mary E. Thomas and her said minor children. In addition thereto, the said bill prayed that a certain suit at law, filed in the said state court of Georgia by Mr. Simmons for the said mortgage company, against Thomas, administrator, wherein was involved the same cause of action as was sued on in the original suit at law in the circuit court below, should be restrained until a final decree was had on the said bill. No personal service was had on any of the defendants, except Lockhart and Simmons; the former, the lawyer who brought the original suit at law on the notes in the court below, and, after the judgment and execution thereof, had nothing more to do with the case. The latter came into the said suit at law representing the mortgage company in resisting Turner's (administrator's) motion to open the default, and to vacate the said judgment. All the other defendants named in the bill were nonresidents of Georgia. At August rules, 1892, an order based on the services made of the bill as aforesaid was entered, taking a pro confesso against all the defendants. No final decree was sought by appellee on that pro confesso. On the 21st of December, 1892, an order was granted by the court directing service to be perfected by publication. At rules, January 1, 1894, an order taking the bill pro confesso, based on the service by publication, was again entered against all of the defendants. On January 9, 1894, the defendants named in the complainant's bill, the said mort-

gage company, the Corbin Banking Company, Sherwood, Wheeler, Hammell, et al., through their counsel, Mr. Simmons, filed objections to the granting of a final decree, and he moved to have the pro confesso set aside, so that he could be allowed to file pleas for the said defendants to complainant's bill under such terms as the court might deem proper. Appellee moved to have the motion of Simmons overruled. The issues made up in these two motions were argued January, 1894, and taken under advisement. On June 28, 1894, appellants' counsel again renewed his said motion for leave to appear and file pleas to said bill. There seems to be some difference of opinion between the counsel as to the subsequent history of the matters and issues attending appellants' motion; but we do not think it necessary now to deal with that matter. On January 25, 1895, the court overruled the motion, made in the interest of the nonresident defendants, to vacate the decree pro confesso, and proceeded to enter a final decree on complainant's bill. From that decree this appeal is prosecuted.

The appellants, in their assignment of errors, complained of a number of errors, prejudicial to them in the circuit court, in relation to the matters and issues which, at the instance of the appellee, arose and were set up in the various pleadings in the court below after the appellants had obtained said judgment in the said original suit at law in the court below, on the notes, and sale had been made thereunder of the land in question, and they complained of error in the court in refusing to set aside the pro confesso of January 1, 1894, and in refusing to allow them to plead to complainant's bill; and they complain, too, of errors found in the final decree. As to some of the matters complained of in the assignments, it may be that relief, at our hands, cannot be invoked on this appeal. However, under the view we take of the issues, it will not be necessary for us now to discuss those matters.

The assignments Nos. 6 and 7, which relate to the services had on complainant's bill, put at issue the only matters we deem it necessary to discuss:

"No. 6. Because said bill of appellee was really an original bill, and there having been no legal service of subpœna upon either of the appellants against whom substantial relief was prayed, all of whom reside outside of the state of Georgia, they nor neither of them have had their day in court, and were beyond its jurisdiction at the time of the filing of said bill or thereafter, so far as disclosed by the record or proof; and not having submitted itself to the jurisdiction of the court, either by appearance, demurrer, plea, or answer, and having been denied the privilege of so doing by the court when it attempted to, on the 9th of January, 1895, in open court, said court had no jurisdiction over it, and therefore the decree against it was error, and void for that reason; and the same was error as against all the other appellants, each of whom resided outside the state of Georgia, and were not found within the said state.

"No. 7. Because at the November term, 1888, of said court, on the 9th day of January, 1894, before a final decree had been rendered in said cause, and eight days after a decree pro confesso had been entered, appellants, by their counsel, appeared in open court, and applied for leave to file proper pleas to appellee's said bill, which said application was not passed upon then, or at any other time, as the court, after hearing argument, held up its decision on said application at that time, and, without further action or proceeding

in that matter, returned said final decree of January 26, 1895 (over a year afterwards), whereby appellants were denied the right to defend said bill, which they allege was error."

It will be seen that appellee caused two orders for taking pro confesso to be entered,—one, at the August rules, 1892; the other, at January rules, 1894. The former was founded on alleged services of bill known as "substituted services." The only personal service which the record shows to have been made was on W. E. Simmons, who accepted service on himself as a defendant in the bill, and at the same time denied that he represented any one else. The other defendants, being nonresidents, were not actually or personally served, and whatever service was made on them was made through the said W. E. Simmons, as their attorney. The appellee seems to have been unwilling to follow up or to secure a final decree on the first pro confesso based on the service made as aforesaid on nonresidents, through Mr. Simmons. We think the evidence fails to show that the substituted service was sufficient to authorize the entry of the order taking the bill pro confesso at the August rules, 1892. The order taking the bill pro confesso, at the January rules, 1894, was founded on the service of appellee's bill made by publication, as provided for in the act of 1875 (Rev. St. § 643). Under that act, as the "suit is to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance, or lien, or cloud, upon the title to real or personal property within the district" (Act March 3, 1875, § 8; 18 Stat. 472), service by publication was sufficient to bring the said nonresident appellants into court; but it also provides "that any defendant or defendants, who are not actually or personally notified as above provided may, at any time, during one year after final judgment in any suit mentioned in this section enter his appearance in said suit in said circuit court, and thereupon the said court shall make an order setting aside the judgment therein and permitting said defendant or defendants to plead therein on payment by him or them of such costs as the court shall deem just, and thereupon said suit shall be proceeded with to final judgment according to law." Id. The appellee seems to have complied with the provisions of that act, and did the things necessary to perfect the service by publication, and the order taking the pro confesso bill on January 1, 1894, was properly entered; but the undisputed evidence shows that the appellants, nonresidents, who had been so served by publication, but who had received no actual personal notice, within 30 days after said entry was made, and before the final decree had been granted, came into court through their counsel, and filed their objection to the court's granting a final decree on said pro confesso, and moved the court to set the same aside, so that they could file pleas to complainant's bill.

There seems to be a difference of opinion between the counsel in the case as to the historical incidents thereafter, which relate to the said motion and the disposition made of the issues of law therein; but the record shows that a final decree was entered on the said last pro confesso, and we do not think it necessary to discuss those differences.

We find error in the court below in not allowing the appellants to appear through their counsel to plead, demur, or answer, under the provision of act of 1875.

The decree of the circuit court is reversed, and the cause is remanded, with instructions to set aside the decrees pro confesso entered in the cause, and grant leave to defendants in the bill to plead therein on such terms as to payment of costs as may be just, and thereafter proceed as equity may require.